UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GREATER ST. LOUIS CONSTRUCTION )
LABORERS WELFARE FUND, an employee )
benefit plan, and BRANDON FLINN, MATT )
ANDREWS, STEVE MACDONALD, GARY ELLIOTT )
RICH MCLAUGHLIN, DONALD WILLEY, )
TERRY BRIGGS, DAVID A. GILLICK, )
BRAD GRANT, MICHAEL LUTZ, COREY )
BLACK and ROBERT BIEG, JR., Trustees of the )
Greater St. Louis Construction Laborers Welfare Fund, )
and CONSTRUCTION LABORERS PENSION )
TRUST OF GREATER ST. LOUIS, an employee )
benefit plan, and, JEFFREY O'CONNELL, RICHARD )
McLAUGHLIN, RONNY GRIFFIN, )
BRANDON FLINN, DONALD WILLEY, GARY )
ELLIOTT, LOU GRASSE, JOSEPH LERITZ, )
DOUG WACHSNICHT, JOE HOETTE, WILLIAM L. )
LUTH and DAVID A. GILLICK, Trustees of the )
Construction Laborers Pension Trust of Greater St. )
Louis, and ST. LOUIS VACATION FUND – )
VACATION PLAN, an employee benefit plan, and )
GARY ELLIOTT, BRANDON FLINN, DONALD )
WILLEY, and MARK MURPHY, Trustees of the )
St. Louis Vacation Fund – Vacation Plan, and )
AGC–EASTERN MISSOURI LABORERS' JOINT )
TRAINING FUND, an employee benefit plan, and )
PATRICK R. PRYOR, DONALD WILLEY, )
PERRI PRYOR, GARY ELLIOTT, RICHARD )
McGUIRE, BRANDON FLINN, )
PHIL HOCHER, MICHAEL LUTH, )
JOE SCARFINO, CLIFF LAND, )
FRANK MARCHESI and JOHN J. SMITH, JR., )
Trustees of the AGC–Eastern Missouri Laborers' )
Joint Training Fund, and LOCAL UNION NOS. )
42-110, LABORERS INTERNATIONAL )
UNION OF NORTH AMERICA, AFL-CIO, )
labor organizations, )
)
     Plaintiffs, )
v. )
)
CONCRETE CORING COMPANY OF ST. LOUIS, )
INC., )
)

Defendant.                                    )

## **COMPLAINT**

Come now plaintiffs, by and through their attorneys, and for their cause of action against defendant state as follows as to each of the counts below:

1.      Plaintiff, Greater St. Louis Construction Laborers Welfare Fund, hereinafter referred to as "the Welfare Fund", is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Brandon Flinn, Matt Andrews, Steve MacDonald, Rich McLaughlin, Donald Willey, Gary Elliott, Terry Briggs, David A. Gillick, Brad Grant, Michael Lutz, Corey Black, and Robert Bieg, Jr. and are the duly designated and acting Trustees of the Welfare Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

2.      Plaintiff Construction Laborers Pension Trust of Greater St. Louis, hereinafter referred to as "the Pension Trust," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Jeffrey O'Connell, Richard McLaughlin, Ronny Griffin, Brandon Flinn, Donald Willey, Gary Elliott, Lou Grasse, Joseph Leritz, Doug Wachsnicht, Joe Hoette, William L. Luth, and David A. Gillick, and are the duly designated and acting Trustees of the Pension Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

3. Plaintiff, St. Louis Vacation Fund – Vacation Plan, hereinafter referred to as "the Vacation Fund," is an employee benefit plan within the meaning of Sections 3(2)(A), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(2)(A), (3), 1132 and 1145.  Plaintiffs Gary Elliott, Brandon Flinn, Donald Willey, and Mark Murphy are the duly designated and acting Trustees of the Vacation Fund and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

4. Plaintiff, AGC - Eastern Missouri Laborers Joint Training Fund, hereinafter referred to as "the Training Fund" is an employee benefit plan within the meaning of Sections 3(1), (3), 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(1), (3), 1132 and 1145.  Plaintiffs Patrick R. Pryor, Donald Willey, Perri Pryor, Gary Elliott, Richard McGuire, Brandon Flinn, Phil Hocher, Michael Luth, Joe Scarfino, Cliff Land, Frank Marchesi, and John J. Smith, Jr., are the duly designated and acting Trustees of the Training Fund, and are fiduciaries within the meaning of Sections 3(21)(A) and 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

5. Local Unions Nos. 42 and 110, Laborers International Union of North America, AFL-CIO, hereinafter referred to as "the Union," are labor organizations representing employees in an industry affecting commerce within the meaning of Sections 2(4), (5), (6), and (7) of the National Labor Relations Act, as amended, 29 U.S.C. §§152(4), (5), (6), and (7), and Section 301 of the Labor Management Relations Act of 1947, as amended 29 U.S.C. §185.

6. Defendant Concrete Coring Company of St. Louis, Inc. ("defendant") is a corporation which conducts business within this judicial district. Defendant is an employer in an

industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and Sections 2(2), (6) and (7) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§152(2), (6) and (7) having an office and place of business within this judicial district.

7. This Court has jurisdiction by reason of Sections 502(a)(3)(ii) and 515 of the Employee Retirement Income Security Act of 1974, as amended, §§1132(a)(3)(ii) and 1145, and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §185(a), in that Plaintiff Trustees are fiduciaries who seek to enforce the provisions of their employee benefit plans, and the Union is suing for violation of a contract with defendant.

## COUNT I

Come now plaintiffs, by and through their attorneys, and for Count I of their cause of action against defendant, state:

8. At all times material, defendant was bound by the provisions of a collective bargaining agreement requiring monthly payments to the employee benefit funds in specified amounts and the submission of monthly report forms.  That collective bargaining agreement and the plans adopted by the Trustees of the employee benefit funds also provide that the Trustees shall be permitted to perform a financial examination of defendant's books and records periodically to insure that payments have been properly made in accordance with the terms of the collective bargaining agreement.

9. Defendant is required to pay liquidated damages of twenty percent (20%) on delinquent contributions.

10. Plaintiffs' accountants conducted an audit of defendant's records which included the period of March 2015 through June 30, 2016.  That audit reflected that defendant owed $35,577.44 in contributions, $4,138.72 in supplemental dues, $12,819.99 in liquidated damages and $12,205.51 in interest for this period.

11. Defendant is required to pay plaintiffs' audit costs and attorneys' fees.

WHEREFORE, plaintiffs pray the Court as follows for Count I of their Complaint:

a) A judgment in the amount of $64,741.66 as and for contributions, supplemental dues, liquidated damages and interest owed pursuant to the audit for the period of March 2015 through June 2016;

b) For an award of plaintiffs' costs, accounting fees and attorneys' fees pursuant to 29 U.S.C. §1132(g);

c) For such other and further relief as the Court may consider appropriate under the circumstances.

## COUNT II

Come now plaintiffs, by and through their attorneys, and for Count II of their cause of action against defendant, state:

12. At all times material, defendant was bound by the provisions of a collective bargaining agreement requiring monthly payments to the employee benefit funds in specified amounts and the submission of monthly report forms.  That collective bargaining agreement and the plans adopted by the Trustees of the employee benefit funds also provide that the Trustees shall be permitted to perform a financial examination of defendant's books and records periodically to ensure that payments have been properly made in accordance with the terms of the collective bargaining agreement.

13. Defendant is required to pay liquidated damages of twenty percent (20%) on delinquent contributions.

14. Defendant failed to submit the required contributions for the time period set forth below, and owed the following amounts:

<u>2018 Amounts</u>
Reported but Unpaid

|  | <u>Contributions</u> | <u>Liquidated Damages</u> |
|---|---|---|
| February 2018 | $11,466.90 | $2,293.38 |
| March 2018 | $15,827.73 | $3,165.55 |
| March 2018 | $0 | $5,305.43 |
| March 2018 | $0 | $3,375.14 |
| April 2018 | $26,029.68 | $5,205.94 |
| May 2018 | $22,946.89 | $4,589.34 |
| June 2018 | $26,076.23 | $5,215.25 |
| June 2018 | $11,630.69 | $2,326.14 |
| July 2018 | $0 | $3,941.81 |
| July 2018 | $7,021.52 | $1,404.30 |
| September 2018 | <u>$16,867.39</u> | <u>$3,373.48</u> |
|  | $137,867.03 | $40,195.78 |

15. Defendant has not submitted all of its reports for the period since June 2016.

16. Absent an audit for the period of July 1, 2016 to the present, it will be impossible to determine the amounts owed for the period which defendant has not reported and it will be impossible to determine the accuracy of the reports which defendant has submitted.

17. Plaintiffs are entitled to recover interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to Section 502(g) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(g), and pursuant to the terms of the collective bargaining agreement and trust agreements.

WHEREFORE, plaintiffs pray this Court as follows for Count II of their Complaint:

    a) For a judgment in the amount of $178,062.81 as and for contributions and liquidated damages owed based on defendant's reports for the period of February 2018 to September 2018;

    b) For an award of interest on the above amount;

    c) For an Order the defendants submit to an audit for the period of July 1, 2016 to the present and that defendant pay the amounts reflected as delinquent on the audit;

    d) For an order requiring defendant to make payments in the future to the employee benefit funds in accordance with the terms and provisions of the collective bargaining agreement, and such collective bargaining agreements as may be negotiated and executed in the future;

    e) For interest, liquidated damages, costs, accounting fees and reasonable attorneys' fees pursuant to 29 U.S.C. §1132(g);

    f) For such other and further relief as the Court may consider appropriate under the circumstances.

## COUNT III

Come now plaintiffs, by and through their attorneys, and for Count III of their cause of action against defendant state:

18. Defendant in 2014 filed a bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Missouri, styled as <u>In re: Concrete Coring Company of St. Louis, Inc.</u>, Case No. 14-47256-659 (hereinafter, the "Bankruptcy Case").

19. Plaintiffs filed a claim for unpaid fringe benefit contributions in the Bankruptcy Case. See Exhibit A hereto.

20. Defendant and plaintiffs agreed that plaintiffs had an allowable unsecured priority claim in the amount of $116,115.57 and an allowable unsecured non-priority claim in the amount of $131,798.53.  See Exhibit B hereto.

21. Defendant submitted a Plan of Reorganization (the "Plan") in the Bankruptcy Case. See Exhibit C.  Pursuant to the Plan, defendant agreed to pay unsecured priority claims including plaintiffs, in full over twenty-four (24) equal monthly installments.

22. Since plaintiffs' unsecured priority claim was allowed in the amount of $116,115.57, defendant was required to pay to plaintiffs the amount of $4,838.15 per month for 24 months.

23. Pursuant to the Plan, defendant agreed that each holder of an allowed general non-priority unsecured claim would receive 60% of the amount of the allowed claim in equal monthly installments over six (6) years.

24. Since plaintiffs had an allowed general unsecured non-priority claim of $131,798.53, plaintiffs were entitled to receive $1,098.00 per month over six (6) years.

25. Defendant's Plan in the Bankruptcy Case was approved by the Bankruptcy Court.  See Exhibit D hereto.

26. The Plan created a contractual obligation in the part of defendant to comply with the terms of the Plan by making the agreed payments.

27. In violation of the terms of the Plan, defendant has failed and refused to make the payments set forth above. Specifically, defendant owes three (3) payments of $4,838.00 on the payment plan for the unsecured priority claim.  Defendant has failed to make the $1,098.00 non-priority monthly payments owed for the period of June 2017 to the present.

WHEREFORE, plaintiffs pray this Court for Count III of their Complaint as follows:

a)     For a judgment against defendant for the amounts owed to plaintiffs pursuant to the Bankruptcy Plan;

b)     For an order compelling defendant to make all future payments under the Bankruptcy Plan;

c)     For an order granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

HAMMOND and SHINNERS, P.C.
13205 Manchester Road, Ste. 210
St. Louis, Missouri 63131
Phone: (314) 727-1015
Fax:    (314) 727-6804

/s/ Greg A. Campbell
GREG A. CAMPBELL, #35381
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 24, 2019 the foregoing was filed electronically with the Clerk of the Court and a copy was mailed by certified mail, return receipt requested to the Secretary of Labor, United States Department of Labor, P.O. Box 1914, Washington, D.C.  20013 and to the Secretary of Treasury, United States Treasury, 15th and Pennsylvania Avenue, Washington, D.C.  20220.

/s/ Greg A. Campbell